## VAUGHAN v. HEWITT.

1. A complaint that seeks the equitable jurisdiction of the court to set aside a judgment alleged to have been obtained against the plaintiff here by the unauthorized withdrawal of her answer and defence in that action by the attorney then representing her, but makes no allegation of fraudulent collusion between her attorney and the plaintiff in such judgment, does not state facts sufficient to constitute a cause of action.

2. A person having transferred her interest in a tract of land cannot afterwards maintain an action against a purchaser at Sheriff's sale of her interest in such land, to set aside the sale and the judgment under which it was made.

Before WALLACE, J., Darlington, September, 1881.

Action by Elizabeth Vaughan against C. W. Hewitt and E. Keith Dargan, commenced in July, 1881. The opinion states the case.

Mr. *R. K. Charles*, for appellant.

Messrs. *Boyd & Nettles, Dargan & Dargan*, contra.

July 3, 1882. The opinion of the court was delivered by MR. JUSTICE McIVER.—The plaintiff in her complaint alleges: 1. That on December 4th, 1872, she made a contract with Adrian and Vollers, for the purchase of a certain tract of land, on which she paid one third cash and secured the balance by her two notes, whereupon said Adrian and Vollers gave her a bond for titles. 2. That on March 28th, 1876, " the said notes having been fully paid, the said Adrian and Vollers did execute to plaintiff titles for the said tract, in accordance with the terms of said bond, at which time the notes were past due." 3. That said notes were not then delivered up to plaintiff, the same having been placed in the custody of one Ragsdale for safe keeping. 4. That said Ragsdale subsequently informed plaintiff that the notes were subject to her order. 5. That plaintiff neglected to obtain said notes from Ragsdale, " supposing they were sufficiently cancelled." 6. That at some time (when is not stated), an action was brought against plain-

tiff by C. W. Hewitt, one of the defendants herein, upon said notes. "Plaintiff thereupon employed counsel to represent her, to wit, George D. Rollins, Esq., and delivered to him all the papers in the action and all information to make her defence of payment as aforesaid, and the said attorney did file an answer on her behalf. That the case came on for trial, and the said attorney, without notice to plaintiff, abandoned her defence, withdrew her answer, and suffered judgment by default to go against her. That the said action of her attorney was unauthorized by plaintiff, totally to her surprise, and operated as a fraud upon her; and she again alleges, that no part of said notes was due, and that her defence could have been successfully made." 7. That judgment was accordingly entered up against her on October 23d, 1879, under which a certain tract of land was sold, as her property, on March 7th, 1881. 8. That the land was bid off by the defendant, E. K. Dargan, who paid the purchase money and took titles from the Sheriff. 9. That upon receiving information of the same, and before the money was paid out by the Sheriff, as she is informed and believes, this plaintiff caused notice to be given to him of her proposed action to set aside the judgment aforesaid, and she is well informed and believes that he does still hold the purchase money subject to the judgment of the court." "That previous to the date of said sale, plaintiff herein conveyed away all her right, title and interest in the said lands, by warranty deed, to E. H. Vaughan." Wherefore, she demands "that the said judgment be vacated and set aside, and the deed of the Sheriff, together with all other proceedings thereunder, be declared void, and that all parties be put back into their previous condition, and for such other and further relief as this court may deem lawful, and to justice and equity may pertain.

To this complaint the defendants separately demurred, on the ground that it does not state facts sufficient to constitute a cause of action, which demurrers were sustained, and the plaintiff appeals.

First as to the demurrer filed by the defendant Hewitt. The appellant contends that this is an action seeking equitable re-

lief, and the question therefore is, whether the facts stated in the complaint furnish any ground for such relief. It will be observed that the ground upon which the judgment is assailed is that the attorney employed by the present plaintiff to defend the action in which the judgment was recovered, when the case came on for trial, without notice to her, "abandoned her defence, withdrew her answer, and suffered judgment by default to go against her." Whether this would constitute a sufficient ground to set aside the judgment, if presented in any form, or whether the only remedy would not be against the attorney who had abused the trust confided to him, need not be considered here, inasmuch as the question here is, whether this will constitute such a ground as will warrant the exercise of the equity powers of the court. *Southern Porcelain Manufacturing Co.* v. *Thew*, 5 *S. C.* 5. In this case there is no charge of any fraudulent collusion between the attorney and the plaintiff in that action ; and indeed there is no direct charge of fraud even against the attorney, and certainly none affecting the plaintiff in that case.

There is an allegation that the action of the attorney was unauthorized, " and operated as a fraud" upon the plaintiff herein, who was the defendant in the former action. But even if this could be construed as an allegation of fraud, as against the attorney, there is certainly nothing in it by which to connect the plaintiff in that action with such fraud. It is not even alleged that such plaintiff was aware, at the time he took his judgment, that the attorney was acting without authority in withdrawing the defence. On the contrary, he doubtless supposed, as he had a right to do, that the attorney was acting by authority, inasmuch as it is the constant practice for an attorney to withdraw a defence, without question from the opposite party or from the court as to his authority so to do.

Again it will be observed, that facts sufficient to show that the plaintiff herein had a valid defence to the action in which the judgment in question was recovered, are not stated in the complaint. It is true that the plaintiff alleges "that her defence could have been successfully made," but that is a mere statement of a legal opinion, and she does not even allege that

she had been advised by counsel, after a full and fair state-· ment of the facts, that she had a valid defence. Whether the notes upon which the judgment was recovered were negotiable or unnegotiable, or whether they were transferred before or after due, does not appear, though from the language used in the second paragraph of the complaint, as well as from the terms of the original contract with Adrian and Vollers, the inference would be that they were negotiable, and might have been transferred before due; and if so the conduct of the attorney in withdrawing the answer might have been justified upon the ground that no valid defence could have been made.

Be that as it may, however, the mere fact that the attorney of a defendant has, without any special authority from his client, withdrawn the answer, and suffered judgment by default to go against the defendant, without some allegation of fraudulent collusion between the attorney and the plaintiff in the action, furnishes no ground for the exercise of the equitable jurisdiction of the court in setting aside the judgment. The code (§ 197) affords ample remedy for the relief of a party "from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect," or, what is the same thing, the mistake, inadvertence, surprise or excusable neglect of his counsel; and if a party fails to avail himself of the remedy thus provided within the time prescribed, he cannot afterwards invoke the aid of the equity powers of the court unless he can show some recognized ground of equitable jurisdiction: and this, we think, the plaintiff has altogether failed to do in this case. The demurrer filed by the defendant Hewitt was therefore properly sustained.

As to the defendant Dargan, it is very manifest that the plaintiff has stated no cause of action whatever against him. For in addition to what has been said, the plaintiff, if she ever had any cause of action against him, could not have any now, inasmuch as she had conveyed to another all her right, title and interest in the land prior to the sale under which the defendant Dargan claims, and which alone connects him with the case. He manifestly stands as a purchaser for valuable

consideration without notice, holding the legal title, and is entitled to the benefit of his purchase. No equity is alleged sufficient to constitute a cause of action against him, and his demurrer was properly sustained.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.